# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD, | Case No. 1:20-cv-00792-JLT-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT |
| v. | |
| EATON, *et al.*, | (ECF No. 28) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Robert L. Sanford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 16, 2021, the Court screened the second amended complaint and issued findings and recommendations that the federal claims in this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted and the Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.  (ECF No. 21.)  On January 19, 2022, the assigned District Judge adopted the findings and recommendations in part and dismissed the second amended complaint with leave to amend within thirty days.  (ECF No. 27.)  Plaintiff's third amended complaint is currently due on or before February 22, 2022.

Currently before the Court is Plaintiff's motion for an extension of time to file his amended complaint, filed February 14, 2022, together with a notice of change of address. (ECF Nos. 28, 29.)  Plaintiff requests an additional thirty days, up to and including March 20, 2022, to

1

file an amended complaint.  Plaintiff states that due to a recent outbreak of COVID-19, he was transferred back to Sierra Conservation Center, and has had no access to the law library because the dorms have been placed on quarantine.  Plaintiff also states that he received the Court's latest order late, and therefore requests an extension of time until March 20, 2022 to file his amended complaint.  (ECF No. 28.)

Having considered the request, the Court finds good cause to grant the requested extension of time.  Fed. R. Civ. P. 6(b).

Plaintiff is reminded that his third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's third amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file amended complaint, (ECF No. 28), is GRANTED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a third amended complaint curing the deficiencies identified by the Court's January 19, 2022 order adopting in part findings and recommendations, or file a notice of voluntary dismissal; and

///

3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **February 15, 2022**           /s/ Barbara A. McAuliffe           _
                                              UNITED STATES MAGISTRATE JUDGE

3