# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>EATON, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-00792-JLT-BAM (PC)<br><br>ORDER DENYING AS PREMATURE PLAINTIFF'S MOTION TO MERGE NEW ISSUES TO AMENDED COMPLAINT<br><br>(ECF No. 31) |

    Plaintiff Robert L. Sanford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On March 29, 2021, the undersigned screened the first amended complaint, which named the following defendants: (1) P. Eaton, Warden at Sierra Conservation Center ("SCC"); (2) Ralph M. Diaz, retired, Secretary of California Department of Corrections and Rehabilitation; (3) B. Cates, Warden at California Correctional Institution ("CCI"); (4) C. Schuyler, Chief Deputy Warden at CCI; (5) B. Sanders, Associate Warden at CCI; (6) S. Shiesha, CMO at CCI; and (7) U. Baniga, CPS at CCI. (ECF No. 16.) The Court found that the first amended complaint failed to state a cognizable claim for relief, and raised claims for conduct at SCC unrelated to claims for conduct at CCI, in violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff was granted leave to file a second amended complaint or a notice of voluntary dismissal. (*Id.*)

    In response, Plaintiff filed a second amended complaint that named the following defendants: (1) B. Cates, Warden at CCI; (2) C. Schuyler, Chief Deputy Warden at CCI, and (3) Does 1–5. (ECF No. 19.)

    On July 16, 2021, the Court screened the second amended complaint and issued findings and recommendations that the federal claims in this action be dismissed based on Plaintiff's

1  failure to state a cognizable claim upon which relief may be granted and the Court decline to
2  exercise supplemental jurisdiction over Plaintiff's purported state law claims.  (ECF No. 21.)  On
3  January 19, 2022, the assigned District Judge adopted the findings and recommendations in part
4  and dismissed the second amended complaint with leave to amend within thirty days.  (ECF No.
5  27.)  Following an extension of time, Plaintiff's third amended complaint is currently due on or
6  before March 21, 2022.

7  Currently before the Court is Plaintiff's motion to merge new issues to amended
8  complaint regarding new case related factors, filed February 25, 2022.  (ECF No. 31.)  Plaintiff is
9  requesting to introduce new issues back into the record regarding Defendant P. Eaton, Warden at
10 SCC and P. Quinn, Associate Warden at SCC, because Plaintiff has been transferred back to
11 SCC.  Plaintiff argues that the unsafe conditions at SCC causing COVID-19 outbreaks have
12 continued.  (*Id.*)

13 The Court construes Plaintiff's motion as a request to join claims to the complaint.  As
14 such, the motion is denied as premature, as there is currently no operative complaint.  As
15 discussed above, Plaintiff's third amended complaint is due on or before March 21, 2022.

16 However, Plaintiff is reminded that, as discussed in the Court's order screening the first
17 amended complaint, Plaintiff may not bring unrelated claims against unrelated parties in a single
18 action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011);
19 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4
20 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar.
21 5, 2021).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises
22 out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there
23 are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d
24 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual
25 background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a)
26 will the Court review the other claims to determine if they may be joined under Rule 18(a), which
27 permits the joinder of multiple claims against the same party.
28 ///

Plaintiff's third amended complaint, and any claims and defendants named therein, must also comply with Federal Rules of Civil Procedure 18 and 20. Plaintiff's third amended complaint remains due on or before March 21, 2022.

Plaintiff is further reminded that his third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to join claims to the complaint, (ECF No. 31), is DENIED as premature;
2. On or before **March 21, 2022**, Plaintiff must file a third amended complaint curing the deficiencies identified by the Court's January 19, 2022 order adopting in part findings and recommendations, or file a notice of voluntary dismissal; and
3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **March 3, 2022**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE